In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-129 CR


____________________



RAYEFIELD SAVOY BELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90871






 MEMORANDUM OPINION 


 Pursuant to a plea bargain, Rayefield Savoy Bell pled guilty to the offense of burglary
of a habitation. The trial court deferred adjudication of Bell's guilt, placed him on
community supervision for five years, assessed a fine of $500.00, and ordered that he pay
one-third of the restitution owed in the case. After numerous administrative hearings
addressing various alleged violations of Bell's community supervision, the State filed a
motion to revoke his unadjudicated probation. In its motion, the State alleged that Bell
violated the terms of his community supervision. 

 Prior to the commencement of evidence at the revocation hearing, the State requested
and was granted an oral amendment to conform the offense alleged in its motion from 
"BURGLARY OF A BUILDING" to "BURGLARY OF A HABITATION," the offense for
which Bell was indicted and admonished. Bell did not object to the State's oral motion to
amend.

 Bell pled "true" to violating three of the conditions of his community supervision. 
Upon hearing the evidence, the trial court found that Bell violated the terms of his
community supervision. The trial court revoked Bell's community supervision, found him
guilty of burglary of a habitation, and sentenced him to eight years' confinement in the
Institutional Division of the Texas Department of Criminal Justice. 

 On appeal, Bell's counsel filed an Anders brief. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and presents a
professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced in the appeal. See also High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
Counsel provided Bell with a copy of the brief. Bell then filed a pro se brief, in which he
raises three issues. Bell's first issue contends that there was a defect in the State's motion
to revoke; issue two presents arguments regarding Bell's excuse for leaving Jefferson County
without his community supervisor's permission; and issue three contends the State presented
evidence at the revocation hearing that exceeded the grounds stated in the motion to revoke. 

 Because this case involves the trial court's adjudication of Bell's deferred-adjudication community supervision, and Bell's three issues address the trial court's decision
to adjudicate Bell's guilt, our independent review for potential error is limited to those issues
unrelated to the trial court's determination to proceed to adjudicate guilt, for example, the
punishment assessed. Davis v. State, 195 S.W.3d 708, 709, 711 (Tex. Crim. App. 2006). 
The trial court's decision to adjudicate guilt is not appealable. Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(b) (Vernon 2006); Davis, 195 S.W.3d at 709.

 Our independent examination of the clerk's record and the reporter's record reveals 
that, with respect to issues of punishment, there are no arguable grounds for relief. 
Appointment of new counsel is not required. Compare Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Bell is free to file a petition for discretionary review raising
error by this Court in the instant appeal. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.
Crim. App. 2005). 

 Because Bell raises no arguable ground with respect to an issue of punishment that
may be raised on his behalf in this appeal, we affirm the trial court's judgment.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on November 27, 2006

Opinion Delivered April 4, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.